IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ASHBURN HUNTER BYWATERS III, | § § § | |
| Appellant, | § § | Case No. 4:21-cv-636-JDK |
| v. | § § | Lead Consolidated Case |
| BASHAR RADWAN ALHUNEIDI, | § § § | |
| Appellee. | § § | |
| ASHBURN HUNTER BYWATERS III, | § § § | |
| Appellant, | § § § | |
| v. | § § | Case No. 4:21-cv-636-JDK |
| BASHAR RADWAN ALHUNEIDI, | § § § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF
THE UNITED STATES BANKRUPTCY COURT**

Before the Court is Appellant Ashburn Hunter Bywaters III's appeal from the bankruptcy court's order in Case No. 21-40334-BTR denying Appellant's motion to extend time to (1) object to discharge and (2) bring an action to determine his claim is not dischargeable.  Appellant is a creditor of debtor and Appellee Bashar Radwan Alhuneidi in the underlying bankruptcy case.  Having reviewed the bankruptcy court's order, the record, and the parties' submissions, the Court hereby **AFFIRMS** the bankruptcy court's order.

1

## I. BACKGROUND

The ultimate dispute between the parties here stems from a falling out between Appellant and Appellee as business partners and co-owners of an upscale menswear retailer. Docket No. 8 at 6–7. In the midst of state court litigation between the parties, Appellee filed a voluntary chapter 7 bankruptcy petition on March 10, 2021. R. at 12–19. Appellant was listed as a creditor. R. at 126.

In the bankruptcy case, the meeting of creditors was scheduled as a telephonic hearing on April 16, 2021 at 10:15 a.m. R. at 21. Pursuant to Bankruptcy Rules 4004(a) and 4007(c), the deadline to file a motion under 11 U.S.C. § 727 or complaint under § 523 objecting to the dischargeability of a debt was sixty days after the first date set for the meeting of creditors—that is, June 15, 2021. *Id.*

Appellant's counsel participated in the meeting of creditors and questioned Appellee. *See* R. at 684–89. After twenty minutes, the Bankruptcy Trustee continued the meeting of creditors to May 7, 2021. R. at 689. Due to scheduling issues, the meeting of creditors ultimately reconvened on June 4, 2021. R. at 696. Again, Appellant's counsel participated in the meeting and questioned Appellee. *See* R. at 696–704.

On June 14, 2021, one day before the deadline to object to discharge, Appellant moved to extend the time to file an objection by 90 days. R. at 88–95. Appellant argued that the delay in the meeting of creditors hindered his ability to timely prepare an objection. Appellee objected to the extension. R. at 98–99. On July 27, 2021, U.S. Bankruptcy Chief Judge Brenda T. Rhoades held a hearing on Appellant's motion to extend time and heard oral argument from counsel for both parties. Docket

No. 5. At the conclusion of the hearing, Chief Judge Rhoades denied the motion and asked counsel for Appellee to submit a proposed order consistent with that ruling. *Id.* at 24:6–17.

It is Chief Judge Rhoades's denial of Appellant's motion to extend time that is the subject of this appeal.

## II. APPLICABLE LAW

A district court reviews the denial of a motion for extension of time for abuse of discretion. *Brown v. Naccari*, 160 B.R. 784, 785 (E.D. La. 1993) (citing *In re Case*, 937 F.2d 1014 (5th Cir. 1991)); *see also In re Vaughn*, 462 F. Supp. 1040, 1047 (N.D. Tex. 1978) ("A grant or denial of an extension of time to file dischargeability complaint is within the discretion of the Bankruptcy Court.").

Under Bankruptcy Rules 4004 and 4007, the bankruptcy court *may* extend the time to file an objection or complaint to dischargeability "for cause." (emphasis added). In the Fifth Circuit, Rules 4004 and 4007 "are strictly construed." *Matter of Ward*, 978 F.3d 298, 302 (5th Cir. 2020) (citing *Scarbrough v. Purser*, 836 F.3d 447, 452 (5th Cir. 2016)). Generally, "cause" for an extension "must be compelling and a creditor must show why it was not able to comply with the deadline as originally set." *In re Garner*, 339 B.R. 610, 611 (Bankr. W.D. Tex. 2006) (citing 9 COLLIER ON BANKRUPTCY ¶ 4007.04[3][b] (15th ed. rev.)).

## III. ANALYSIS

### A.

At the bankruptcy court's hearing on Appellant's motion, Chief Judge Rhoades focused on Appellant's diligence in conducting discovery in the bankruptcy case before

3

the June 15, 2021 deadline to object to dischargeability. Docket No. 5 at 17:23–21:9. At oral argument, Appellant agreed that the only discovery he had conducted in the bankruptcy case was to question Appellee at the meeting of creditors and moved to examine the Appellee under Bankruptcy Rule 2004 after the June 15 deadline. *Id.* at 20:23–21:9. Because Appellant "failed to conduct any discovery" before the June 15 deadline, Chief Judge Rhoades found that Appellant "failed to show cause to extend the discharge deadline." *Id.* at 24:6–15. Accordingly, Chief Judge Rhoades denied Appellant's motion.

This Court agrees with the bankruptcy court's analysis. While a delay in finalizing the meeting of creditors *may* constitute cause for an extension, it does not always justify an extension. Especially where, as here, Appellant failed to timely conduct any other discovery. *See, e.g.*, *In re Littell*, 58 B.R. 937, 938 (Bankr. S.D. Tex. 1986) ("Had movants used due diligence, they could have obtained the necessary information for timely preparation of a complaint."); *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997) ("The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline.").

Appellant's counsel attended both sessions of the meeting of creditors and questioned Appellee. But Appellant pursued no other discovery necessary to object to dischargeability during the bankruptcy case. Docket No. 5 at 20:23–21:9. Accordingly, the Court finds no abuse of discretion in the bankruptcy court's denial of Appellant's motion to extend time for failure to show cause.

4

**B.**

Appellant also argues that the bankruptcy court erred by holding an evidentiary hearing and considering improper evidence on his motion to extend time. Docket No. 8 at 15–19. Appellant asserts that on July 22, 2021—five days before the motion hearing—Appellee filed a lengthy witness and exhibit list identifying four potential witnesses and twenty-four exhibits. Docket No. 8 at 4. Appellant argues that this filing was at least three weeks late under bankruptcy procedural rules. *Id.* Appellant further argues that he was never on notice that the hearing would be an evidentiary hearing. *Id.* at 17.

The transcript of the July 27, 2021 hearing demonstrates that it was not an evidentiary hearing. Chief Judge Rhoades never admitted any exhibits at the hearing, and no witnesses appeared for either party. *See* Docket No. 5. Further, Chief Judge Rhoades focused her questioning on Appellant's discovery efforts in the bankruptcy case. *Id.* at 18:4–21:10. Finally, Chief Judge Rhoades explained her reasons for denying Appellant's motion: "[T]he creditor has failed to conduct any discovery during the time before the discharge deadline had passed. Under those circumstances, the Court finds that the creditor has failed to show cause to extend the discharge deadline." *Id.* at 24:10–14. There is no indication Chief Judge Rhoades considered any of Appellee's proposed exhibits.

Accordingly, the Court finds no error in the bankruptcy court's administration of the hearing on Appellant's motion to extend time.

## IV. CONCLUSION

As explained above, the Court finds no error in the bankruptcy court's denial of Appellant's motion to extend time to file a motion under § 727(a) or complaint under § 523 objecting to the dischargeability of a debt. Accordingly, the Court **AFFIRMS** the bankruptcy court's order.

Further, in consolidated case number 4:21-cv-881 ("the Second Appeal"), Appellant moved for a stay of an October 28, 2021 bankruptcy court Order dismissing his adversary complaint as untimely. Docket No. 3. On November 9, 2021, the Court temporarily stayed the October 28 Order pending further briefing. Docket No. 6. Having resolved the underlying issue on appeal in case number 4:21-cv-636 ("the First Appeal"), the Court hereby **LIFTS** the temporary stay of the October 28 Order and **DENIES** Appellant's emergency motion to stay as moot. Further, Appellant has argued that a "determination in the First Appeal as to whether the July 28 Order's denial of the Motion to Extend was erroneous will inform the timeliness of the adversary complaint, and will substantially resolve the issues in the Second Appeal." Docket No. 3 at 13. Accordingly, the Court **ORDERS** the parties to meet and confer and file a joint notice indicating how they request the Court to proceed on the issues raised in the Second Appeal by **February 4, 2022**.

So **ORDERED** and **SIGNED** this **21st** day of **January, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE